FILED
CLERK, U.S. DISTRICT COURT

OCT  6 2008

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION        BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH G. GEORGE,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>R. J. SUBIA, WARDEN,<br><br>　　　　Respondent. | Case No. EDCV 07-1680-GHK (OP)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Report and Recommendation is submitted to the Honorable George H. King, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

## I.
## **PROCEEDINGS**

On December 19, 2007, Joseph G. George ("Petitioner"), constructively filed the current Petition for Writ of Habeas Corpus by a Person in State Custody

pursuant to 28 U.S.C. § 2254 ("Petition").[1]

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court examined the Petition and found that it plainly appeared from its face that Petitioner was not entitled to relief in the district court. On January 17, 2008, the Court issued an Order to Show Cause ("OSC") why the Petition should not be dismissed an untimely.

In response to the OSC, on February 25, 2008, Petitioner filed a motion to amend the Petition, along with a proposed First Amended Petition. Based on Petitioner's response to the OSC, the Court ordered the filing of the First Amended Petition ("FAP").

On March 25, 2008, Respondent filed a Motion to Dismiss the FAP as untimely. On April 15, 2008, Petitioner filed an Opposition to the Motion to Dismiss. Thus, this matter now is ready for decision.

## II.

## BACKGROUND

On August 3, 2005, Petitioner pleaded guilty in the Riverside County Superior Court, case number SWF010423, to one count of sale, transportation, and distribution of heroin in violation of California Health and Safety Code section 11352(a) and one count possession of heroin in violation of California Health and Safety Code section 11350(a). (FAP at 2; Lodgment 2.) On December 8, 2005, Petitioner was sentenced to a total state prison term of twelve years. (Lodgment 5

---

[1] The prison mailbox rule holds that a habeas petitioner's state and federal filings are constructively filed when turned over to prison officials for forwarding to the Clerk of the Court. See, e.g., Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001). Unless otherwise noted, the Court has utilized the signature date on the habeas petitions as the relevant filing dates, since the signature date is the earliest date on which Petitioner could have turned the petitions over to the prison authorities for mailing.

2

at 12; Lodgment 6.) Petitioner did not file a direct appeal and did not file a petition for review in the California Supreme Court. (FAP at 2, 3; Official Records of California Courts[2].)

On March 5, 2007, Petitioner constructively filed a habeas corpus petition in the Riverside County Superior Court. (Lodgment 7.) On March 23, 2007, the superior court denied the motion. (Lodgment 8.)

On April 10, 2007, Petitioner constructively filed a habeas corpus petition in the California Court of Appeal. (Lodgment 9.) On May 3, 2007, the court of appeal denied the petition. (Lodgment 10.)

On May 30, 2007, Petitioner filed a habeas corpus petition in the California Supreme Court. (Lodgment 11.) On October 10, 2007, the court state supreme court denied the petition. (Lodgment 12.)

On December 19, 2007, Petitioner constructively filed the original Petition. On February 16, 2008, Petitioner constructively filed the FAP. Respondent contends that the current action is subject to dismissal on timeliness grounds.

## III.

## DISCUSSION

The current action was filed after the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law and thus is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d). See

---

[2] The Court's independent review of the website for the California State Courts reveals that Petitioner did not file a petition for review in the California Supreme Court. The Court takes judicial notice of the state appellate court records which are available on the Internet at http://appellate cases.courtinfo.ca.gov. See Smith, 297 F.3d at 815 (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

Calderon v. U.S. Dist. Court (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997).[3] The relevant portion of that statute provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1).

In most cases, the limitation period begins running on the date that a petitioner's direct review becomes final. Here, Petitioner was sentenced on December 8, 2005, and did not file a direct appeal of his conviction or sentence. As a result, his conviction became final on February 6, 2006, sixty days after sentencing. See Cal. R. Ct. 8.308(a) (formerly Cal. R. Ct. 30.1(a));[4] Caspari v. Bohlen, 510 U.S. 383, 390, 114 S. Ct. 948, 127 L. Ed. 2d 236 (1994) ("[a] state conviction and sentence become final for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied.") Thus, absent applicable statutory or equitable tolling, Petitioner had until February 6, 2007, to file the current action. 28 U.S.C. § 2244(d)(1)(A); see also Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

///

---

[3] Beeler was overruled on other grounds in Calderon v. U.S. Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

[4] Former California Rules of Court 30.1(a), renumbered as Rule 8.308, effective January 1, 2007, provides that, except in certain limited circumstances not relevant here, "a notice of appeal must be filed within 60 days after the rendition of the judgment or the making of the order being appealed."

A. **Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2).**

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

The United States Supreme Court has held that the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief – the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. Carey v. Saffold, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002). In Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999), the Ninth Circuit construed the foregoing tolling provision with reference to California's post-conviction procedures. The Ninth Circuit held that "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." Id. at 1006 (footnote omitted). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Evans v. Chavis, 546 U.S. 189, 192-93, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006) (citing Carey, 536 U.S. at 222-23).[5]

---

[5] The Court in Evans held that a California Supreme Court order silent on the grounds for the court's decision is not equivalent to a holding that the filing was timely. Evans, 546 U.S. at 197-98. Thus, in the absence of clear direction or explanation from the California Supreme Court about the meaning of the term "reasonable time" (in which to file a habeas petition), or clear indication that a particular request for appellate review was timely or untimely, the federal court must itself examine the delay in each case and determine what the state courts would have held with respect to timeliness. Id. at 198. That is, "the federal court
(continued...)

5

As previously noted, the statute of limitations began to run on February 7, 2006, and expired on February 6, 2007. Petitioner's first state habeas petition was constructively filed in the Riverside County Superior Court on March 5, 2007, and denied on March 23, 2007. (Lodgments 7, 8.) Petitioner is not entitled to statutory tolling for the period this petition was pending, because 28 U.S.C. § 2244(d) does not permit the reinitiation of the AEDPA limitation period that has ended before a state habeas petition is filed. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000). For the same reason, Petitioner is not entitled to statutory tolling for the periods during which his other state habeas petitions were pending in the California Court of Appeal and the California Supreme Court. Based on the foregoing, unless Petitioner is entitled to equitable tolling, the original Petition was untimely by over ten months.

**B.  Equitable Tolling.**

The one-year AEDPA limitation period is subject to equitable tolling if a petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005).[6] A petitioner bears the burden of alleging facts that would give rise to tolling. Id. "[T]he

---

[5] (...continued)
must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'" Id.

[6] The Supreme Court in Pace noted that it has "never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations." Pace, 544 U.S. at 418 n.8. The Supreme Court declined to consider it in that case and assumed for the sake of argument that it did, because the respondent assumed as much, and the petitioner was not entitled to tolling under any standard. Id.

threshold necessary to trigger equitable tolling under [the] AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted). This high bar is necessary to effectuate the "AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir. 2003) (internal quotation marks and citation omitted). Equitable tolling determinations are "highly fact-dependent." Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (per curiam); accord Lott v. Mueller, 304 F.3d 918, 923 (9th Cir. 2002) (observing that equitable tolling determinations turn "on an examination of detailed facts").

In support of his claim for equitable tolling, Petitioner provides the following explanation:

> Petitioner has limited reading and writing skills and has no choice but to rely on a "jailhouse lawyer" for assistance in preparing all of his legal pleadings. . . . Petitioner respectfully submits that relying on a jailhouse lawyer to always get the work done on time is not feasible and is a crapshoot, and that petitioner should be excused for being untimely in light of the fact that petitioner has diligently persued [sic] his rights in the only way that he could.

(Opp'n at 3.)

However, it is well-established that pro se status, lack of legal training, and lack of assistance, do not constitute extraordinary circumstances warranting equitable tolling. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (finding the petitioner's lack of legal sophistication and alleged inability to calculate limitations period insufficient to warrant equitable tolling); see also Hinton v. Pacific Enterprises, 5 F.3d 391, 396-97 (9th Cir. 1993) (mere ignorance of the law generally is an insufficient basis to equitably toll the running of an

applicable statute of limitations); Hughes v. Idaho St. Bd. of Corr., 800 F.2d 905, 909 (9th Cir. 1986) (finding pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to justify equitable tolling); Ekenberg v. Lewis, No. C98-1450 FMS(PR), 1999 WL 13720, at *2 (N.D. Cal. Jan. 12, 1999) (ignorance of the law and lack of legal assistance do not constitute extraordinary circumstances); Bolds v. Newland, No. C97-2103 VRW(PR), 1997 WL 732529, at *2 (N.D. Cal. Nov. 1, 1997) (same). Thus, the Court does not find an adequate basis for equitable tolling.

Based on the foregoing, Petitioner has failed to demonstrate any extraordinary circumstance beyond his control sufficient to justify equitable tolling with respect to the over ten month delay in the constructive filing of the original Petition. Thus, the current action is untimely.

## V.

## **RECOMMENDATION**

IT THEREFORE IS RECOMMENDED that the District Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) granting Respondent's Motion to Dismiss the First Amended Petition; and (3) directing that Judgment be entered denying the First Amended Petition and dismissing this action with prejudice.

DATED: October 2, 2008

HONORABLE OSWALD PARADA
United States Magistrate Judge